### PEASE v. WHITE MFG. CO. et al.

(Circuit Court, D. Minnesota.    October 10, 1898.)

PATENTS—WANT OF INVENTION—WOVEN WIRE MATS.
The Pease patent, No. 399,554, for a woven-wire mat and scraper, as to claim 3, is void for lack of invention or patentable novelty.

This is a suit for infringement of a patent and for an accounting.

P. H. Gunckel and W. H. Blodgett, for complainant.

A. C. Paul, for defendants.

LOCHREN, District Judge.    This suit was brought to restrain the defendants from alleged infringement of letters patent No. 399,554, for woven-wire mat and scraper, issued to complainant March 12, 1889, and for an accounting of profits.    On the hearing it was conceded that May 1, 1885, should be taken and accepted as the date of complainant's alleged invention.    The complainant contends that the mat and scraper woven of spiral wires, manufactured and sold by the defendant the White Manufacturing Company, infringes claims 1 and 3 of the complainant's said patent, wherein he claims as his invention:

"(1) As an improved article of manufacture a wire mat and scraper composed of a system of primary coils interwoven with each other, and a transverse system of locking coils interwoven with each other and with the primary coils, the turns of the locking coils lying outside of the successive primary coils, whereby the several coils are held against depthwise movement on each other, all substantially as described."

"(3) In combination, in an interwoven fabric of spirals of wire, the primary fabric and the secondary fabric, the coils of the two sets crossing each other and interwoven, so that the planes common to the points of intersection in the two sets are approximately coincident, all substantially as described."

The drawings in complainant's patent, while within the description of claim 3, show only the fabric particularly described, in language less broad, in claim 1; having a system of primary coils of spiral wire interwoven with each other, and a transverse system of locking coils of like wire interwoven with each other and with the primary coils, so that the turns of the locking coils lie outside of the turns of the successive primary coils, each bracing against the other. The only difference between the fabric shown by said drawings and described in said claim 1 of complainant's patent and the alleged infringing fabric of the defendants is that in the latter the turns of the locking coils do not lie outside of the turns of the primary coils, but are intertwined with the turns of the primary coils. The complainant contends that this variation is immaterial, and that the defendant's fabric is in all substantial respects the exact equivalent of the fabric shown in the drawings, and described in claim 1 of complainant's patent, and that it is clearly covered by claim 3 of said patent.

The defendants contend that complainant's patent is invalid for want of novelty and invention, in view of the state of the art at the date of the alleged invention, at least in respect to the broad language of the third claim of that patent. The evidence shows that at the date of the alleged invention, May 1, 1885, the art of weaving and locking transverse into parallel spiral coils of wire, in the making of wire fabrics for various uses, was old and well known. This is shown in patent No. 124,927, issued March 24, 1872, to W. D. Adams, for improvement in spring-bed bottoms and sofas, showing a wire fabric in which parallel coils of spirals running in one direction are not interlocked with each other, but are interlocked with transverse similar coils at each crossing. In his specifications he mentions that spring beds had theretofore been made of spiral coils horizontally arranged in parallel lines, and twisted or wound into each other, forming a web, but with no springs or filling running crosswise. The combination of the Adams method with this old method described in the same patent will produce the defendants' fabric, if the interlocking of the parallel and transverse coils are coincident. In patent No. 140,160, issued June 24, 1873, to J. W. C. Peters, for improvement in woven-wire fabrics, a fabric of spiral wire woven into another similar fabric, so that one ply alone comes to the surface on one side, and the other ply on the opposite side, is shown; and here, also, a mere variation in the interlocking of the wires would produce the defendants' fabric. In the Canadian patent issued April 30, 1884, to Henry Theodore Windt, for improvement in door mats, there are also shown two series of wire spirals at right angles to each other, interlocked together both parallel and crosswise, for bracing and support, forming a single fabric, but so linked as to present ridges on each surface instead of the level surfaces of complainant's and defendants' mats.

It is plain, therefore, that, at the time of the complainant's alleged invention, the art of making fabrics of spiral wire with parallel coils locked together, and interlocked with like transverse coils also locked together, was old and well known, as was also the fact that the manner of locking and interlocking the spirals could be varied largely,

and the meshes made loose or close, flexible or rigid, as desired. In that state of the art, I am brought to the conclusion that there was no invention or patentable novelty in the complainant's weave of wire fabrics, within the purview of the patent laws. "It was never the object of these laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention." Atlantic Works v. Brady, 107 U. S. 192, 200, 2 Sup. Ct. 225; Slawson v. Railroad Co., 107 U. S. 649, 654, 2 Sup. Ct. 663.

Claim 3 of complainant's patent cannot be sustained as covering all such fabrics where the planes common to the points of intersection in the two sets of spiral wires are approximately coincident. Waiving the consideration of the vagueness which the word "approximately" introduces into the claim, the state of the art was such at the date of complainant's alleged invention that planes of such points of intersection were matter of choice to operators in varying the construction and appearance of a well-known fabric. If the peculiarity in the weave described in claim 1 of complainant's patent, and shown in the drawings in that patent, in respect to the turns of the locking coils lying outside of the successive primary coils, is of any use or value, it may be regarded as patentable. On the hearing that peculiarity was not, by the complainant, claimed to be either useful or valuable; and, if it is, there is no infringement, as that peculiar locking device is not used in the construction of defendants' fabric.

Let a decree be entered dismissing the bill of complaint, with costs.